IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GULF COAST BANK &** | : | |
| **TRUST CO.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 5:16-CV-108 (CAR)** |
| **v.** | : | |
| | : | |
| **JO-JEN, INC.,** | : | |
| **JOSEPH D.CUNNINGHAM, and** | : | |
| **KRISTINE K.CUNNINGHAM,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER ON DEFAULT JUDGMENT</u>

Plaintiff Gulf Coast Bank & Trust Co. filed this action against Defendants Jo-Jen, Inc., Joseph D. Cunningham, and Kristine K. Cunningham seeking to recover the unpaid balance and accrued interest due and outstanding under a promissory note. Plaintiff also seeks costs and reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11. Defendants were served with process on March 20, 2016, but failed to answer or respond.   On April 4, 2016, Defendants Joseph D. Cunningham and Kristine K. Cunningham filed a Chapter 7 Bankruptcy in the U.S. District Court for the Middle District of Georgia, No. 16-50705.   Pursuant to 11 U.S.C. § 362, the bankruptcy filing stays Plaintiff's claims against the Cunninghams.   However, Plaintiff's motion for

default judgment against Defendant Jo-Jen may proceed as Jo-Jen is not protected by the bankruptcy court's automatic stay.[1]

At Plaintiff's request, the Clerk of Court entered default against Defendant Jo-Jen, Inc. on April 20, 2015.   Now, Plaintiff moves the Court for entry of default judgment against Defendant Jo-Jen, Inc.   Defendant Jo-Jen, Inc. has not appeared or filed a response, and the time for doing so has passed.   For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment [Doc. 10] against Defendant Jo-Jen, Inc. is **GRANTED**.

## BACKGROUND

According to the Complaint, on July 18, 2008, Defendant Jo-Jen Inc. made, executed, and delivered a promissory note (the "Note") in favor of Eastside Commercial Bank ("Eastside") in the original principal amount of $221,150.00.   The Note was modified several times from 2008 to 2015.[2]  The terms of the Note required Defendant to make timely payments to Eastside, or Eastside's successor, of all amounts due under the Note, including principal, interest, and other related fees.   Defendant also agreed to pay all costs and expenses incurred by Plaintiff to collect the debt, including court costs and 15% of the remaining principal plus accrued interest as attorney's fees pursuant to

---

[1] *See, e.g., Wilson v. Lucado*, No. 5:08-CV-057 (HL), 2008 WL 2223279, at *2 (M.D. Ga. May 23, 2008); *Carriage House Decorations, Inc. v. South Fla. Restaurants Corp.*, No. 92-8736CIVNESBITT, 1995 WL 318567, at *2 (S.D. Fla. Feb. 28, 1995) (citing *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993)).
[2] Pl.'s Compl., [Doc. 1] at p. 3-6; *see also* Pl. Compl., [Docs. 1-1, 1-2, & 1-3] Exs. 1-11.

O.C.G.A. § 13-1-11.

On July 18, 2014, the Georgia Department of Banking and Finance closed Eastside, and the Federal Deposit Insurance Corporation ("FDIC-R") was appointed as receiver for Eastside. On February 19, 2015, the FDIC-R executed an assignment and transferred Eastside's loan documents to Plaintiff Gulf Coast Bank & Trust, Inc. In the purchase of Eastside's assets, the FDIC-R completely transferred any and all interest it had in the Note and related loan documents involved in this action to Plaintiff.

Defendant defaulted under the terms of the note by failing to pay Plaintiff in a timely manner. On February 29, 2016, Plaintiff provided written notice of the default to Defendants and notified Defendants it intended to enforce the attorney's fees provisions of the Note. Now, Plaintiff alleges Defendant Jo-Jen, Inc. is liable for the unpaid principal balance of $179,239.60, plus accrued and unpaid interest in the amount of $17,984.99. Plaintiff also seeks per diem interest in the amount of $26.14 per day after April 26, 2016, through the date of Judgment, as well as post-judgment interest. Finally, Plaintiff demands attorneys' fees in the amount of $29,583.69 and costs of $533.33.

## DISCUSSION

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise."[3]  Prior to obtaining a default

---

[3] Fed. R. Civ. P. 55(a).

judgment, the party seeking judgment must first obtain an entry of default from the Clerk of Court.[4]  Plaintiff has satisfied this requirement.

The mere entry of default, however, does not mandate the entry of a default judgment.  Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[5]  Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[6]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[7]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction, (2) liability, and (3) damages.[8]  The Court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332, and venue is proper under Local Rule 3.4 of this Court.  The remaining considerations are addressed below.

## A. Liability

A party who claims breach of contract under Georgia law has the burden of establishing (1) the subject matter of the contract, (2) consideration, and (3) mutual

---

[4] *Id.*

[5] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.)

[6] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[7] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[8] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

4

assent by the parties to the contract terms.[9] "Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complain about the contract being broken."[10]

In an action to recover amounts due on a promissory note, a plaintiff is entitled to judgment as a matter of law if the record shows the promissory note was executed by a defendant who is in default, unless the defendant produces or points to evidence in the record that establishes an affirmative defense.[11]

The Court finds the factual allegations in the Complaint and attached exhibits, deemed admitted by Defendant for failure to respond, establish Plaintiff has a right to recover amounts due under the promissory note.

### B. Damages

Once the Court determines that a default judgment should be entered, it then determines the amount and character of the recovery that should be awarded.[12]  A court may compute from facts of record, and fix the amount which the prevailing party is lawfully entitled to recover and then give judgment accordingly.[13]  Under the terms of the promissory note, Defendant is liable for the aggregate amount of $197,224.59 as of

---

[9] *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).
[10] *Id.* (internal quotation marks and citation omitted).
[11] *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726 (2006).
[12] *Pitt.*, 321 F. Supp. 2d at 1356.
[13] *Id.*

April 26, 2016.[14]  This amount consists of unpaid principal in the amount of $179,239.60, interest in the amount of $17,984.99.  Defendant is also liable for per diem interest in the amount of $26.14 for each and every day after April 26, 2016, through the date of Judgment, as well as post-judgment interest.  The Court no evidentiary hearing is necessary to determine Plaintiff's damages because the amount of damages "can be reduced to a sum certain."[15]  Accordingly, the Court finds Plaintiff is entitled to $197,224.59 in damages.

### C.  Attorney's Fees

Similarly, the Court may grant Plaintiff's request for attorneys' fees without an evidentiary hearing under O.C.G.A. § 13-1-11. Pursuant to this statute, "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence is collected by or through an attorney after maturity."[16]  "If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness."[17]

A party who seeks to collect attorneys' fees allowed by O.C.G.A. §13-1-11 must

---

[14] *See* Pl. Compl, Promissory Note, [Doc. 1-1] at ex. 1, p. 2-3.
[15] *Langsfeld v. Wynne*, No. 1:08-CV-0225-JOF, 2009 WL 383395, at *3 (N.D. Ga. 2009).
[16] O.C.G.A. § 13-1-11(a).
[17] *Id*. § 13-1-11(a)(1).

give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees.[18] If all these requirements are met, the attorneys' fees provision is enforceable.[19]

Here, the factual allegations in the Complaint demonstrate the above requirements have been satisfied. Therefore, pursuant to the terms of the promissory note, Defendant is liable for attorney's fees in the amount of $29,583.69 and costs of $533.33.[20]

## CONCLUSION

Plaintiff's Motion for Entry of Default Judgment [Doc. 10] against Defendant Jo-Jen, Inc. is **GRANTED**. Judgment will be entered in favor of Plaintiff against Defendant Jo-Jen, Inc. in the following amounts:

a. $ **197,224.59** representing unpaid principal and accrued interest under the Note as of April 26, 2016;

b. **$26.14** in per diem interest for each and every day after April 26, 2016, through the date of Judgment;

c. **$29,583.69** in attorney's fees;

d. **$533.33** in costs; and

e. post-judgment interest.

---

[18] *Id.* § 13-1-11(a)(3).
[19] *TermNet Merc. Servs., Inc. v. Phillips*, 277 Ga. 342, 344 (2003).
[20] These attorney's fees consist of fifteen percent (15%) of the outstanding principal and interest due and owing. Aff. of Joel M. Daste, [Doc. 10-2] at para. 19.

SO ORDERED this 29th day of June, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

CML/ssh