IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GULF COAST BANK & TRUST CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:16-CV-108 (CAR) |
| v. | : | |
| | : | |
| JO-JEN, INC., JOSEPH D. CUNNINGHAM, and KRISTINE K. CUNNINGHAM, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT

Before the Court is Plaintiff Gulf Coast Bank & Trust Co.'s Motion for Entry of Final Judgment [Doc. 12] pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) permits a district court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[1] In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis[.]"[2] "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'"[3] "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for

---

[1] Fed.R.Civ.P. 54(b).
[2] *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).
[3] *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

1

delay' in certifying it as final and immediately appealable."[4]

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments ..., a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It [is] therefore proper for the District Judge [ ] to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.[5]

In this case, the Court's June 29, 2016 Order, which granted Plaintiff's Motion for Default Judgment, was unquestionably a final judgment for purposes of Rule 54(b).[6] After balancing the judicial administrative interests and relevant equitable concerns, the Court finds there is no just reason for delay in certification of partial judgment.  The claims and issues the Eleventh Circuit Court of Appeals would need to address if Jen-Jo, Inc. appeals are "separable from the other remaining to be adjudicated" because the judgment against Jen-Jo, Inc., is by default.[7]  To the extent the Defendants Joseph Cunningham and Kristine Cunningham emerge from bankruptcy and this case proceeds, they will be entitled to respond to the Complaint and any potential appeals

---

[4] *Id.* at 778 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).
[5] *Curtiss-Wright Corp.*, 446 U.S. at 8.
[6] *See First Citizens Bank and Trust Co., Inc. v. MJI, LLC,* No. 1:14-cv-293-WSD, 2014 WL 66014383, at *4-5 (N.D. Ga. Nov. 20, 2014) (finding the first prong is satisfied under Rule 54(b) where the Court enters default judgment against Defendant); *see also See Brandt v. Bassett (In re Se. Banking Corp.)*, 69 F.3d 1539, 1547 (11th Cir.1995) (A judgment is final if "the judgment disposes entirely of a separable claim or dismisses a party entirely.").
[7] *First Citizen Bank and Trust Co., Inc.*, No. 1:14-cv-293-WSD, 2014 WL 66014383, at *5.

will be on the merits.  Joseph and Kristine Cunningham's liability, in their individual capacities, is based on separate and distinguishable claims from Defendant Jo-Jen, Inc.'s.  Therefore, the Eleventh Circuit will not have to decide the same issues more than once.  Additionally, Plaintiff has informed the Court it will file a voluntary dismissal without prejudice of its claims against Joseph and Kristine Cunningham.  Thus, there should be no issue of piecemeal appeals.  Accordingly, Plaintiff's Motion for Entry of Final Judgment against Defendant Jo-Jen, Inc. [Doc. 12] is **GRANTED**.

SO ORDERED this 15th day of July, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT